UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| DOE XY, | Case No. 13-CV-1749 (PJS/JSM) |
| Plaintiff, | |
| v. | ORDER |
| SHATTUCK-ST. MARY'S SCHOOL, | |
| Defendant. | |

Jeffrey R. Anderson and Sarah G. Odegaard, JEFF ANDERSON & ASSOCIATES, PA, for plaintiff.

Stephen O. Plunkett, Steven P. Aggergaard, and Jessica L. Klander, BASSFORD REMELE, PA, for defendant.

Plaintiff commenced this action in Minnesota state court by serving defendant Shattuck-St. Mary's School ("Shattuck") with a summons and complaint on June 7, 2013. ECF No. 1 at 1-2. Plaintiff served an amended summons and complaint on June 10, 2013, and a second amended summons and complaint on June 12, 2013. ECF No. 1 at 1-2. On July 5, 2013, Shattuck filed a notice of removal on the basis of diversity of citizenship. ECF No. 1.

Shattuck, which is a Minnesota citizen, recently notified the Court that it may have unwittingly violated the forum-defendant rule. *See* 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and

served as defendants is a citizen of the State in which such action is brought."). Shattuck nevertheless argues that removal was proper because it had not been "properly joined and served" at the time of removal. For his part, plaintiff argues that the Court should retain jurisdiction because the error was harmless, and he does not object to remaining in federal court.

The Court appreciates the parties' candor and understands their desire to avoid a remand at this stage of the case. Nevertheless, the Court finds that remand cannot be avoided, because a violation of the forum-defendant rule is a jurisdictional defect that cannot be waived or overlooked as "harmless." *Horton v. Conklin*, 431 F.3d 602, 605 (8th Cir. 2005).

Shattuck argues that it did not actually violate the forum-defendant rule because the second amended summons and complaint were not properly served. Specifically, Shattuck points out that Minn. R. Civ. P. 15.01 only authorizes a party to amend his complaint once as a matter of course, after which either leave of court or the opposing party's written consent is required. Because plaintiff had neither leave of court nor Shattuck's written permission, Shattuck argues, the "operative complaint" had not been properly served and removal was therefore proper.

The Court does not agree. There is no dispute that, before Shattuck filed its notice of removal, it had been properly served with the original and first amended

summonses and complaints.  As Shattuck recognizes, this is sufficient to commence an action in Minnesota state court.  *See* Minn. R. Civ. P. 3.01, 3.02.  Assuming that Shattuck is correct that the second amended summons and complaint were unauthorized under the state rules of civil procedure, then they were simply legal nullities; they did not negate the fact that Shattuck had already been properly joined and served as a defendant in this case.[1]  Accordingly, the Court finds that Shattuck violated the forum-defendant rule and that the Court lacks jurisdiction.

Plaintiff points to *Caterpillar Inc. v. Lewis*, 519 U.S. 61 (1996), to argue that the Court should retain jurisdiction despite the defective removal.  In *Caterpillar*, complete diversity of citizenship did not exist at the time of removal.  *Id.* at 64.  Before trial, however, all claims against the nondiverse defendant were settled and that party was dismissed.  *Id.*  The case then proceeded to trial and judgment.  *Id.*  Under those circumstances, the Supreme Court held that the judgment could stand.  *Id.* at 75-78.

*Caterpillar* is distinguishable from this case in at least two ways.  First, the jurisdictional defect in *Caterpillar*—lack of complete diversity—was later cured.  In this case, however, the jurisdictional defect cannot be cured; it is inherent in the fact that Shattuck is a Minnesota citizen.  Second, *Caterpillar* rested on the fact that no court recognized the jurisdictional defect until the case had been tried, judgment had been

---

[1] So far as the Court is aware, Shattuck has not objected to proceeding on the basis of the second amended complaint.

entered, and the case was on appeal. "Once a diversity case has been tried in federal court . . . considerations of finality, efficiency, and economy become overwhelming." *Id.* at 75.

Unlike *Caterpillar*, here the Court has (thanks to the parties' candor) recognized the jurisdictional defect long before trial has commenced or judgment has been entered. Thus, even if the Court had the discretion to retain jurisdiction, the Court would not do so, as considerations of "finality, efficiency, and economy" do not "overwhelming[ly]" counsel in favor of retaining jurisdiction, as they did in *Caterpillar*. *Id.* The Court recognizes that the parties have invested a great deal of time and effort in preparing this case, but those efforts will not go to waste. The parties can refile their motions for summary judgment in state court and proceed just as they would have proceeded in this Court, making use of the discovery that they have already obtained. The remand should not appreciably delay resolution of this case nor add much to the burden or expense of this litigation.

The Court therefore concludes that it lacks jurisdiction and that this case must be remanded to state court. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1. This action is REMANDED to the Minnesota District Court, Third Judicial District.

2. The parties' cross-motions for summary judgment [ECF Nos. 20, 27] are DENIED WITHOUT PREJUDICE.

3. The hearing currently scheduled for January 26, 2015 is CANCELED.

Dated: January 21, 2015              s/Patrick J. Schiltz
                                     Patrick J. Schiltz
                                     United States District Judge